## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

ROBERTO SEBELEN MEDINA
BETSIE MARIE CORUJO MARTINEZ

Debtor(s)

CASE NO.  14-06368

Chapter 11

FILED & ENTERED ON 05/13/2015

## OPINION & ORDER

Before the court is Debtors' Motion of Reconsideration of Order [Dkt. No. 117] requesting that the court reconsider the Order dated December 18, 2014[1] [Dkt. No. 108],  Debtors' Supplement to their Motion [Dkt. No. 118], and Banco Popular de Puerto Rico's (hereinafter "BPPR") Opposition [Dkt. No. 130]. For the reasons stated herein, Debtors' motion is hereby DENIED.

"A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil Procedure." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under the Federal Rules of Civil Procedure, Rule 59 or a motion for 'relief from judgment' under Rule 60. Equity Security Holders' Committee v. Wedgestone Financial, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). Which rule applies depends essentially on the time a motion is served.  Although the Debtors fail to indicate under which Rule they are seeking reconsideration,  the timing of their motion falls within the purview of Fed.R.Civ.P.  60(b), which is made applicable to bankruptcy cases by the Federal Rules of

---

[1] Said Order determined that the language contained in the mortgage deeds provides a lien over Debtors existing and future rents over the encumbered properties.

Bankruptcy Procedure, Rule 9024. The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006). Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981) (internal citations omitted) ("[r]elief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.").

After considering the arguments raised by both parties, this Court finds that Debtors' motion neither provides the court with genuine reasons why it should revisit the prior Order, nor compelling facts or law in support of reversing the prior decision. Debtors' Motion attempts to rehash the same arguments that were already considered and found lacking by this Court. The arguments are two-fold: (1) that BPPR does not possess a valid lien over the Debtors' rents because BPPR did not properly declare an event of default, and none existed, and (2) that BPPR lacks standing to request the cash collateral since they refuse to show Debtors the original promissory notes and endorsements. The court considered these exact arguments prior to rendering its December 18, 2014 Order. More importantly, neither of these arguments fall within the purview of a Rule 60(b) motion.

Because the Debtors have failed to establish the legal requirements for reconsideration, this

Court finds that they are not entitled to reconsideration under the Federal Rules of Bankruptcy Procedure, Rule 9024.

WHEREFORE, IT IS ORDERED that Debtor's motion be, and it hereby is, DENIED.

SO ORDERED

San Juan, Puerto Rico, this 13th day of May, 2015.

Brian K. Tester
U.S. Bankruptcy Judge